# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS WOOD, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>BBG COMMUNICATIONS, INC., BBG GLOBAL AG, and BBG HOLDINGS, LTD.,<br><br>DEFENDANTS. | Case No.: 11-cv-00227-AJB-NLS<br><br><u>CLASS ACTION</u><br><br>PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS |

**IT IS HEREBY STIPULATED** by and between the Parties to *Nicolas Wood, et al., etc. v. BBG Communications, Inc., et al.*, United States District Court for the Southern District of California, Case No. 11-cv-00227-AJB-NLS, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

   a. "Proceeding" means the above-captioned action pending in the United States District Court for the Southern District of California Case No. 11-cv-00227-AJB-NLS.

   b. "Court" means the Hon. Anthony J. Battaglia and Hon. Nita L. Stormes, or any other judge or magistrate judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

   c. "Confidential" Information or Documents means information (regardless of how generated, stored or maintained) or tangible things that have not been made public and that contain trade secret, confidential, private, or proprietary information (1) that the Designating Party in good faith believes, if disclosed, would either harm its competitive position or impinge on its or third parties' privacy rights, or (2) that otherwise qualify for protection under F.R.Civ.P. 26(c) and appellate law interpreting said Rule.

   d. "Designating Party" means the party that designates Documents, Testimony, or Information as "Confidential"; and includes parties named in this litigation and third parties who are not litigants and that respond to subpoenas issued in this litigation.

   e. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Documents, Testimony, and Information, or any part thereof, or any information contained therein.

f. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by the Federal Rules of Evidence, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

g. "Information" means the content of Documents or Testimony.

h. "Proceeding" means *Nicolas Wood, et al., etc. v. BBG Communications, Inc., et al.*, United States District Court for the Southern District of California, Case No. 11-cv-00227-AJB-NLS

i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party may designate as "Confidential" any Documents or Testimony that it in good faith believes falls within the definition of "Confidential" set forth in Paragraph 1(c).

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

   a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Documents. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a

prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

      b.    For Testimony given in depositions the Designating Party may either:

           i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

           ii.    designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the need to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript, or such other time as may be mutually agreed between the Parties in writing or ordered by the Court. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may (but need not) be separately bound by the court reporter, who must affix to the top of each page so designated the legend "Confidential," as instructed by the Designating Party. Only those portions of the testimony that are designated for protection within the 30 days of the receipt of the transcript shall be covered by the provisions of this Protective Order.

    5.    The inadvertent production by any of the undersigned Parties or non-parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production

-3-

W02-WEST:1VEA2\404187693.3                                      PROTECTIVE ORDER

within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony, or Information to counsel for the producing Party and shall retain only the "Confidential" designated materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law shall govern. The receiving party reserves all rights to claim that the Inadvertent Production Notice is not proper based on the circumstances.

6. In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony, or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections, or such other time as may be mutually agreed between the Parties in writing or ordered by the Court, to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a

-4-

resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Access to and/or Disclosure of Documents, Testimony, and Information designated as "Confidential" shall be permitted only to the following persons:

    a. the Court;

    b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Documents, Testimony, and Information shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Documents, Testimony, and Information to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Documents, Testimony, and Information, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Documents, Testimony, and Information;

f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Documents, Testimony, and Information; provided, however, that each such witness given access to Confidential Documents, Testimony, and Information shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

g. mock jury participants, provided, however, that prior to the Disclosure of Confidential Documents, Testimony, and Information to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Documents, Testimony, and Information to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective

|   | Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and |
|---|---|

        i.     any other person that the Designating Party agrees to in writing.

In the event a person is required to execute Exhibit A, counsel for the Party that provided the Confidential Documents, Testimony, and Information to such person shall retain the original of such Exhibits. Such Exhibits shall not be discoverable except upon a showing of good cause.

    8.     Confidential Documents, Testimony, and Information shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

    9.     Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

    10.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

        a.     operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects non-public information that is entitled to confidential treatment under applicable law; or

        b.     prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

                i.     to seek a determination by the Court of whether any particular Confidential Documents, Testimony, and Information should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

                ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective

|     | Order, either generally or as to any particular Document, Testimony, or Information. |
|-----|---|
| 1   | |
| 2   | |
| 3   | 11. Any Party to the Proceeding who has not executed this Stipulation and Protective |
| 4   | Order as of the time it is presented to the Court for signature may thereafter become a Party to this |
| 5   | Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the |
| 6   | same with the Court, and serving copies of such signed and dated copy upon the other Parties to |
| 7   | this Stipulation and Protective Order. |
| 8   | 12. Any Information that may be produced by a non-party witness in discovery in the |
| 9   | Proceeding pursuant to subpoena or otherwise may be designated by such non-party as |
| 10  | "Confidential" under the terms of this Stipulation and Protective Order, and any such designation |
| 11  | by a non-Party shall have the same force and effect, and create the same duties and obligations, as |
| 12  | if made by one of the undersigned Parties hereto. Any such designation shall also function as a |
| 13  | consent by such producing party to the authority of the Court in the Proceeding to resolve and |
| 14  | conclusively determine any motion or other application made by any person or party with respect |
| 15  | to such designation, or any other matter otherwise arising under this Stipulation and Protective |
| 16  | Order. |
| 17  | a. Any party that intends to file Documents or Testimony marked |
| 18  | CONFIDENTIAL by a third party must notify the third party of its intent to file the Documents or |
| 19  | Testimony at least 5 court days prior to any such filing so that the third party may comply with |
| 20  | Paragraph 17 of this Order. If the party does not provide the third party with the required notice, |
| 21  | then the party must itself must comply with Paragraph 17 of this Order. |
| 22  | b. The party designating as a trial exhibit (for any purpose) CONFIDENTIAL |
| 23  | documents or information (*e.g.*, deposition testimony) received from a third party shall also notify |
| 24  | the third party that its CONFIDENTIAL documents or information may be received by the court |
| 25  | at trial without the protections of this Protective Order. Such notice must take place no later than |
| 26  | the deadline stated for the exchange of exhibits by the parties to this case. Within fourteen |
| 27  | (14) days after receiving such notice, the third party may submit a motion to the Court asking that |
| 28  | |

the Court receive certain or all of its CONFIDENTIAL documents or information as trial exhibits under seal.

13. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Documents, Testimony, and Information receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Documents, Testimony, and Information, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential materials, and/or seek to obtain confidential treatment of such Confidential materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena. Moreover, provided the Designating Party has taken some form of legal action designed to quash or limit the Subpoena, the recipient of the Subpoena agrees to await the outcome of such proceedings prior to producing any Confidential Documents, Testimony, and Information. Conversely, if the Designating Party has not taken any such action, the existence of this Order does not require the recipient of the Subpoena to act in violation of the obligations imposed by the Subpoena.

14. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Documents, Testimony, and Information require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

15. If, after execution of this Stipulation and Protective Order, any Confidential Documents, Testimony, and Information submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party

responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential materials to the immediate attention of the Designating Party.

16. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Documents, Testimony, and Information designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner or in a manner inconsistent with the terms of this Order, then the Designating Party shall advise the other Party that the designation no longer applies.

17. Any Party seeking to file with the Court any Confidential Documents, Testimony, and Information derived from Confidential Documents, Testimony, and Information must file that information under seal. However, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected Party with appropriate notice to opposing counsel. The Parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal. Once a Party has complied with L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal, the Party shall file or lodge Confidential Documents, Testimony, and Information under seal pursuant to ECF Administrative Policies and Procedures, Section IIj(1)(b) and shall serve a paper copy of the documents to be lodged under seal on all other parties in a sealed envelope, or other appropriate sealed container, on which shall be written the title and case number of this action, an indication of the nature of the contents of such sealed envelope or other container, and a statement in substantially the following form: "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER". A party filing a document under seal shall publicly file a copy of the document with the confidential material redacted. The complete unredacted document as well as the redacted document, along with a written statement or notice indicating what has been redacted, shall be furnished to the outside counsel of record for all other Parties.

18. This Order shall only govern the procedures for use of Confidential Documents, Testimony, and Information prior to trial. The Parties shall meet and confer regarding the procedures for use of Confidential Documents, Testimony, and Information at trial and shall move the Court for entry of an appropriate order prior to the time of trial.

19. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Documents, Testimony, and Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential information that is the subject of this Order.

20. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

21. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have sixty (60) days to either (a) promptly return to counsel for each Designating Party all Confidential Documents, Testimony, and Information and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Documents, Testimony, and Information, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such materials. To the extent permitted by law the Court shall

-11-

W02-WEST:1VEA2\404187693.3   PROTECTIVE ORDER

retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

22. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.

23. Anyone given access to Confidential Documents, Testimony, and Information pursuant to paragraphs 7(b) through 7(i), inclusive, agrees to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Documents, Testimony, and Information under the terms herein. This Stipulation and Protective Order may be executed in counterparts.

24. The Court may modify the Protective Order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated: _____

THE HON. NITA M. STORMES
UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE

EPPSTEINER & FIORICA ATTORNEYS, LLP


By      s/Stuart M. Eppsteiner
        STUART M. EPPSTEINER
        Attorneys for Plaintiff
        NICOLAS WOOD

12555 High Bluff Drive, Suite 155
San Diego CA 92130
Telephone: (858) 350-1500
Facsimile: (858) 350-1501

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By      s/Fred R. Puglisi
        FRED R. PUGLISI
        Attorneys for Defendants
        BBG COMMUNICATIONS, INC. and BBG
        GLOBAL AG

1901 Avenue of the Stars, 16th Floor
Los Angeles CA 90067
Telephone: (310) 228-3700
Facsimile: (310) 228-3701

# EXHIBIT A

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Documents, Testimony, and Information supplied in connection with the Proceeding, United States District Court for the Southern District of California Case No. 11-cv-00227-AJB-NLS. I certify that I understand that the Confidential Documents, Testimony, and Information are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Documents, Testimony, and Information, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Documents, Testimony, and Information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Documents, Testimony, and Information provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED:_____    BY: _____
                                         Signature
                                         _____
                                         Title
                                         _____
                                         Address
                                         _____
                                         City, State, Zip
                                         _____
                                         Telephone Number